*86 OPINION of the Court, by
Judge Clakk.
Saun-¿ers brought an action of debt against Bibb, as administrator of John Crittenden, on a bond executed by Crittenden in his lifetime to George Brook, and by him *87 assigned to Saunders, on the 8th of March Í806. The defendant pffiad that the sssignoi Brook and a certain John H. Craig were indebted by deed to Horatio Turpin, 600 dollars worth of niaras and geldings, on the first day of j une 1800, and 600 on the first day of June 1 800 , that 15, o:-!, and Craig failed to .perform their co-vetiar.._ **,¡oa whl'h suit was brought by Turpin, and at the í t.i onn this plea was plea,l ubtaibed a judgment aguas* B.ook for ⅞ 082 4? 1 ° ■, ¡hat pending the suit i.g.iiost Chord ; nd Crv.g, Tui pin assigned the covenant ’ipot vlfirL '-oil ,v;ts brought to John H. Smith, who on do Tiffin’ oí lug’Jst 1806 assigned, the same to Judith C»it:< t,d* •, • r <o such other person to whom adminis-r.r Ton oí ¡.T rotate of John Crittenden might be grant-cd, ÍV ats rs that at the time of the several assignments o< ffic covenant on Brook and Craig, he had no nn-.k >■ rffi the assignment of the bond of the deceased to the p'■mm.T Saunders, and .prays that so much of the judgment obtained against Brook, the assignor, as will cattily the demand of Saunders, may be set off. To this plea there was a demurrer, and judgment for the plaintiff; to which Bibb prosecutes this writ of error, and contends that the judgment on demurrer should have been for him, and not for the plaintiff.
The debts fefi off mu ft be mu» tually fubfifting at the time of fuit oommenctl
Debts sued lor and intended to be set off, must be due in the same right; a joint debt cannot be setagainst a separate demand, nor a separate demand against a joint one. The debt attempted to be set off in this case was a debt due by Brook, the assignor, and Craig, jointly ; a suit was depending against them upon their covenant, when Saunders commenced his. If the above rule be correct, it is clear this demand could not be set against the debt due Saunders when his suit was commenced. Obtaining a judgment against Brook, it- is conceived ought not to change the nature of Saunders’s right, he having a good cause of action when his suit was brought. The debts must be mutual and subsisting at the time the suit was brought-*-Caldwell vs. Grundy, Pr. Dec. 264. The debts attempted to be set off in this suit, were not mutual and subsisting when the action was commenced.- — Judgment affirmed.